TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00491-CV







Nigel Gusdorf, Appellant



v.



City of Austin, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-03722A, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING







 Appellant Nigel Gusdorf sued the City of Austin for failure to reappoint him as a
municipal court judge, alleging discrimination and violations of the Open Meetings Act and the
Government Code. The trial court granted summary judgment in favor of the City on all causes
of action. The principal issue presented is whether a municipal court judge is an employee under
the Texas Commission on Human Rights Act. Because we hold that Gusdorf is not an employee
and find no other violations, we will affirm the trial court's judgment. 


BACKGROUND

 The City Council of Austin (the "Council") appointed Gusdorf to serve as a
municipal court judge for a two-year term, effective March 15, 1992. From the beginning of his
appointment, Gusdorf vociferously advocated the rights of the disabled and for improving the
court's compliance with the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101-213
(1994)). In support of actions initiated by fellow municipal judge Martin Thompson, Gusdorf
initially requested greater accessibility to courtrooms for those with disabilities, including
accessible doorknobs, accessible parking, and ramped benches. Gusdorf also asked for a larger
key access pad for the security door to the judges' chambers and objected to the installation of a
new and less accessible filing system. He appealed to the clerk of the court for modification of
the municipal court building, placed the issue on numerous judicial agendas of the municipal
court, and presented it at oversight committee meetings. In late December 1993, the Council met
in executive session to discuss the composition of the municipal court bench for the new term
beginning January 1, 1994. Later that same day, the Council reconvened in an open meeting and
voted to appoint a different judge instead of appellant for the next term.

 Gusdorf brought suit alleging that the clerk of the court and the Council retaliated
against him for his exuberant advocacy on behalf of the disabled and his insistence upon making
the municipal court building more accessible. Appellant further asserts that by not reappointing
him as a municipal court judge, the Council discriminated against him because of his age. 
Appellant believes these actions of the Council violated the Texas Commission on Human Rights
Act (TCHRA), which protects employees from employer discrimination. See Tex. Lab. Code
Ann. §§ 21.001-.405 (West 1996 & Supp. 1998). Furthermore, appellant asserts that the
Council violated the Texas Open Meetings Act (TOMA) when it allegedly determined the judicial
appointments in an executive session. See Tex. Gov't Code Ann. §§ 551.001-.146 (West 1994
& Supp. 1998). Finally, appellant asserts the Council's actions violated section 29.005 of the
Texas Government Code, which creates a two-year minimum term for municipal court judges. 
See Tex. Gov't Code Ann. § 29.005 (West 1988 & Supp. 1998). Because appellant's appointment
was effective March 15, 1992, he asserts that his two-year term extended until March 14, 1994. 

 The City moved for summary judgment on each of appellant's causes of action,
urging that (1) municipal court judges do not qualify as employees under the TCHRA; (2)
appellant waived his right to assert a claim under TOMA; and (3) no violation of section 29.005
occurred because the term of office for municipal judges ended December 31, 1993. The trial
court granted summary judgment for the City on all three causes of action. Gusdorf brings this
appeal, seeking reversal of the summary judgment and a remand to the trial court for a trial on
the merits. 


DISCUSSION

 The main issue in this case is whether a municipal judge is covered as an employee
under the TCHRA. Also at issue is whether the Council violated the Texas Open Meetings Act
by allegedly conducting a vote during a private executive meeting and violated section 29.005 of
the Texas Government Code by terminating appellant's contract early. These issues and the
surrounding circumstances are identical to those we addressed in a related case, Thompson and
Wood v. City of Austin, No. 03-97-00490-CV, slip op. (Tex. App.--Austin April 24, 1998, no pet.
h.), released this same day. In that case, we found that municipal judges are not employees for
purposes of the TCHRA, but rather are public officials. Id. at 10, 16. Furthermore, we found
that the record did not reveal evidence of a definitive vote in executive session such as would
violate TOMA. Id. at 16-17. Finally, we concluded that the Council did not terminate the term
of the municipal judges in violation of any statute. Id. at 4-5. Because the facts of these two
cases are identical, we affirm the trial court's decision for the reasons set forth in Thompson and
Wood v. City of Austin. 



 


 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: April 24, 1998

Do Not Publish



so asked for a larger
key access pad for the security door to the judges' chambers and objected to the installation of a
new and less accessible filing system. He appealed to the clerk of the court for modification of
the municipal court building, placed the issue on numerous judicial agendas of the municipal
court, and presented it at oversight committee meetings. In late December 1993, the Council met
in executive session to discuss the composition of the municipal court bench for the new term
beginning January 1, 1994. Later that same day, the Council reconvened in an open meeting and
voted to appoint a different judge instead of appellant for the next term.

 Gusdorf brought suit alleging that the clerk of the court and the Council retaliated
against him for his exuberant advocacy on behalf of the disabled and his insistence upon making
the municipal court building more accessible. Appellant further asserts that by not reappointing
him as a municipal court judge, the Council discriminated against him because of his age. 
Appellant believes these actions of the Council violated the Texas Commission on Human Rights
Act (TCHRA), which protects employees from employer discrimination. See Tex. Lab. Code
Ann. §§ 21.001-.405 (West 1996 & Supp. 1998). Furthermore, appellant asserts that the
Council violated the Texas Open Meetings Act (TOMA) when it allegedly determined the judicial
a